**Foster TAFT, Plaintiff-Appellant,**

v.

**NABISCO; et al., Defendants-Appellees,**

and

**Altria Group Inc.; et al., Defendants.**

**No. 15-56218**

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Submitted January 18, 2017 *

Filed January 26, 2017

Foster Taft, Pro Se

Kenneth K. Lee, Jenner & Block LLP, Los Angeles, CA, Dean N. Panos, Esquire, Jenner & Block LLP, Chicago, IL, for Defendants-Appellees Mondelez International, Inc., Kraft Foods Group, Inc.

Vilma Ruth Palma-Solana, Attorney, Perkins Coie LLP, Los Angeles, CA, David Taro Biderman, Esquire, Perkins Coie LLP, San Francisco, CA, for Defendant-Appellee General Mills

Tony M. Diab, Shook Hardy & Bacon LLP, Irvine, CA, for Defendants Altria Group Inc., Philip Morris Int'l Inc., Philip Morris USA, Inc.

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Foster Taft appeals pro se from the district court's judgment dismissing his diversity action alleging a strict liability claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003). We affirm.

The district court properly dismissed Taft's claims against defendants Mondelez International, Inc., Kraft Foods Group, Inc., and General Mills, Inc., because Taft failed to allege facts sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443, 446 (1978) (product design is defective if "product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner," or (2) "the benefits of the challenged design do not outweigh the risk of danger inherent in such design").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Taft's request to augment the record, filed on May 10, 2016, is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.